## CLARK A. COREY *vs.* ETHAN JANES.

The refusal of a judge to allow a party to introduce evidence in corroboration of other evidence previously introduced by him, after the other party has introduced evidence tending to rebut it, is within his discretion, and not subject to exception.

If a person summoned to prove the testimony of a deceased witness on a former trial of the same cause states that he cannot give his language substantially as then given, nor give his language substantially as then given upon any particular point or subject matter, he cannot be permitted to testify.

Unliquidated damages are not a subject of set-off, even if the plaintiff has agreed to pay all such damages.

ACTION OF CONTRACT, commenced in the police court of Pittsfield, and carried to the superior court on appeal.   The defendant filed with his answer a declaration in set-off.

At the trial in the superior court, before *Putnam*, J., the plaintiff testified that he made a contract with the defendant, which included, among other things, an agreement of the plaintiff to harrow ten acres of rye, and that he did harrow the rye according to his agreement; and, on cross-examination, that it was harrowed in a good and husbandlike manner. The defendant offered evidence tending to show that the plaintiff's harrowing was not well done, nor done in a good and husbandlike manner; and on this point only. After the defendant had fully replied to the plaintiff's case, the judge allowed the plaintiff (the defendant objecting) to introduce evidence upon the same point to rebut the defendant's evidence, and refused to allow the defendant to introduce further evidence in reply to this last evidence of the plaintiff.

The defendant offered a witness to prove the testimony of a witness who had testified at the trial in the police court to a material point, and had since deceased. But as the witness offered for this purpose, in answer to questions by the judge, stated that he could not give the language of the deceased witness substantially as spoken at the former trial, nor give his language substantially as spoken at the former trial upon any particular point or subject matter, the judge ruled that his testimony was not competent to prove the testimony of the deceased witness.

The defendant's declaration in set off contained this item: " September 15th. Injury done to a piece of rye by yourself and steers, which you agreed to pay. $ 10." The defendant offered to prove that the plaintiff agreed to pay for all damages. But the judge ruled that the evidence was not admissible, unless the defendant could show that the plaintiff agreed to pay a specific sum for such damages, and, the defendant having failed to prove such an agreement, instructed the jury to disallow this item.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*A. J. Waterman*, for the defendant.

*H. S. Briggs*, for the plaintiff.

METCALF, J.   1. It was a matter of discretion in the court to admit or to reject the evidence offered by the defendants in reply to the last evidence given by the plaintiff as to the quality of the harrowing of his land by the defendant. The ruling of the court on that point is not a legal ground of exception. *Ashworth* v. *Kittridge*, 12 Cush. 193.   *Macullar* v. *Wall*, 6 Gray, 507.   *Martin* v. *Maguire*, 7 Gray, 177, and cases there cited.

2. The court rightly refused to permit the witness to state what a deceased witness testified on a former trial.   *Commonwealth* v. *Richards*, 18 Pick. 434.   *Warren* v. *Nichols*, 6 Met..261.

3. The court rightly instructed the jury to disallow the defendant's claim, in offset, of the charge for " injury done to a piece of rye ; " the claim being for unliquidated damages.

*Exceptions overruled.*